**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF LOUISIANA**
**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **CHRISTOPHER T. SCHWEBEL** | § | **CIVIL ACTION NO:** |
| | § | |
| *Plaintiff* | § | |
| **v.** | § | |
| | § | |
| **TIDEWATER BOATS, LLC AND** | § | |
| **SOUTHERN MARINE SALES, INC.** | § | |
| **D/B/A BOAT CITY USA** | § | |
| | § | |
| *Defendants* | § | **JURY TRIAL REQUESTED** |

<u>**COMPLAINT**</u>

**I.   Parties**

1.      Plaintiff, CHRISTOPHER T. SCHWEBEL, has been at all times material hereto a resident and citizen of the state of Mississippi.

2.      Defendant, TIDEWATER BOATS, LLC, hereinafter "TIDEWATER BOATS,"is a South Carolina limited liability company with its principal place of business located in South Carolina and a citizen of South Carolina and is a warrantor of the boat that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

TIDEWATER BOATS's agent for service of process is James E. Metts, Jr., 121 Cove View Drive, Irmo, South Carolina 29063.

3.      Defendant, SOUTHERN MARINE SALES, INC. D/B/A BOAT CITY USA, hereinafter "BOAT CITY USA," is a Louisiana corporation with its principal place of business located in Louisiana and a citizen of the State of Louisiana and is the seller of the boat that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

-1-

BOAT CITY USA's agent for service of process is Mark Perrilloux, 824 S.W. Railroad Avenue, Ste. A, Hammond, Louisiana 70401.

## II.   Jurisdiction

4.     This Court has federal question jurisdiction over the lawsuit under the Magnuson-Moss Warranty Act pursuant to 15 USC § 2310(d); and 28 USC § 1331 in that the disputes involve predominant issues of federal law.

Declaratory relief is available pursuant to 28 USC §§ 2201 and 2202.

The court has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

## III.   Venue

5.     Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendants are subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

## IV. Conditions Precedent

6.     All conditions precedents have been performed or have occurred.

## V.   Facts

## A. The Transaction

7.     On July 15, 2020, Plaintiff purchased a new 2020 TIDEWATER CAROLINA BAY TW27 bearing HULL ID: NLPBB505I920, hereinafter "CAROLINA BAY," from BOAT CITY USA located in Hammond, Louisiana.  The CAROLINA BAY was purchased primarily for Plaintiff's personal use in the State of Louisiana.  The sales contract was presented to Plaintiff at the dealership

-2-

and was executed at the dealership.

8.     The sales price of the CAROLINA BAY was $154,169.35,exclusive of finance charges.  Civil or Punitive penalties for breach of warranty are recoverable, if they are recoverable for breach of of implied and express warranties under the applicable state law.  See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

9.     Plaintiff is also entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00.  See   ***Beasley v. Ed's MobileHomes, Inc.***, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

### D.     Actionable Conduct

10.     In fact, when delivered, the CAROLINA BAY was defective in materials and workmanship, with such defects being discovered shortly after purchased.  Many defective conditions have occurred since purchase, including, but not limited to, the defects, non-conformities and conditions listed in the repair orders including but not limited to:

> **"1.     The boat takes on water. the bilge pump kicks on every 5-10 minutes. To date, it is still taking on water;**
>
> **2.     Front compartments won't drain. to date, two of the front compartments still won't drain;**
>
> **3.     Engines don't appear to be calibrating correctly with the electronics. GPS says one thing and engine and fuel gauges**
> **say a different thing;**
>
> **4.     Buttons on cushions keep breaking off once you sit on them. so i have removed all cushions so it won't keep happening;**

-3-

5.      Side leg cushions around the boat keep breaking and coming apart from the hull of the boat. they have repaired it better. but one spot has come apart again since last repair;

6.      Sea deck was bubbling. they did replace it last time finally and it appears to be holding. but they tried three times before
and it kept doing it. haven't had long enough to really test to see if it continues;

7.      Jack plate was not working. They did fix the first problem. but now there is a new problem. the right engine won't go down some times. it makes a loud squaling noise and then pops into place as it goes down. but it won't be at the same level as the other engine. it throws it off;

8.      The rubber mounts on the front of the trailer were tearing apart when you load it. I asked them to fix it. they just took the same ones off, flipped them over and screwed them back on to use the other side. they scratch the boat real bad when you load it. i asked to come up with a better solution and they have done nothing but turn them over and keep using the damaged ones;

9.      Under water rear lights keep flickering. there is a short on them and they still haven't repaired them;

Please estimate the number of days your vehicle has been in the shop for repairs:

70% of the time I owned it. I purchased on July 15, 2020 and then i kept it in my shop for them till they could repair it two of the times. once to install power pole and other was to ship it back to factory. I held for them to keep out of weather;

10.     Boat still takes on water, power pole won't work, ice box and front compartment next to live well won't drain, they damaged my rod holder compartment when working on it last time. cracked the fiberglass (size of baseball), boat now keeps shutting down. Dash board goes crazy, left engine shuts off, loose steering completely for the boat,

-4-

**Radio keeps cutting off and saying power outage, need to shut down. Right engine gets stuck from time to time when lowering the trim down and makes a bad sound and then pops. won't go down same time with the other engine. underwater lights keep flickering due to short in it. Buttons on cushions keep breaking off so i had to remove the seating cushions on the front completely. The gauges on the dash won't read the electronics from time to time. They just won't calibrate with the engines and the fuel tanks. they are not reading correctly so I can't get a true reading of how much gas I have, what I have used etc. Also, some of the gauges have said something about the batteries. I think some of the batteries are bad and not charging properly. Batteries shouldn't have gone back in less than two years.**

**The boat has been out of service over 70% of time since I purchased it on July 15, 2020."**

11.     Since purchase, Plaintiff has returned his CAROLINA BAY to the Defendant and its authorized dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendant was given the opportunity to repair the CAROLINA BAY, the Defendant has failed to repair the CAROLINA BAY.

12.      Plaintiff directly notified the Defendant of the defects in the CAROLINA BAY on numerous occasions.

13.     The CAROLINA BAY is a "thing" under La. Civil Code Articles 2520, et seq.

14.     TIDEWATER BOATS is a "manufacturer" under La. Civil Code Articles 2520, et seq.

15.     BOAT CITY USA is a "seller" under La. Civil Code Articles 2520, et seq.

16.     Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

17.     The defects described in the CAROLINA BAY vehicle meet the definition of a

-5-

redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

18.     Plaintiff has provided the Defendant sufficient notice and opportunity to repair his defective boat.

19.     Plaintiff has performed each and every duty required of him under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

20.     The hidden defects, non-conformities and conditions in the CAROLINA BAY existed at the time of sale, but were not discovered until after delivery.  Neither Plaintiff nor a reasonable prudent buyer would have purchased the CAROLINA BAY had he known of the defects prior to the sale.

21.     Furthermore, the Defendant has failed to repair the CAROLINA BAY which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

22.     Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of attorney fees, costs and expenses, if Plaintiff prevails.  As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection here within.

23.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2) and Louisiana

Redhibition law, Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of the Defendants as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton.  Plaintiff has incurred and continue to incur legal fees, costs and expenses in connection therewith.

## VI.   Prayer for Relief

24.   For these reasons, Plaintiff prays for judgment against the Defendants for the following:

a.   For general, special and actual damages according to proof at trial;

b   Rescinding the sale of the 2020 TIDEWATER CAROLINA BAY TW27 bearing HULL ID: NLPBB505I920 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.   For incidental and consequential damages according to proof at trial;

d.   Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e.   Any diminution in value of the CAROLINA BAY attributable to the defects;

f.   Past and future economic losses;

g.   Non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.;

h.   Prejudgment and post-judgment interest;

i.   Attorney fees;

j.   Costs of suit, expert fees and litigation expenses; and

k.   All other relief this Honorable Court deems appropriate.

-7-

**VII.    Demand for Jury Trial**

25.    Plaintiff hereby demands trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF